UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1874-GW(FFMx) | Date | July 24, 2017 |
|---|---|---|---|
| Title | *McRo, Inc. v. Valve Corporation* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Eric P. Berger | Jan P. Weir | |

**PROCEEDINGS:** DEFENDANT'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE [68]

Court hears oral argument. The Court's Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Defendant's Motion is DENIED.

: 06

Initials of Preparer  JG

*McRO, Inc., dba Planet Blue v. Valve Corp.*, Case No. Case No. 8:13-cv-01874-GW-(FFMx); Ruling on Motion to Dismiss or Transfer for Improper Venue

McRO, Inc., dba Planet Blue ("Plaintiff") filed this action against Valve Corporation ("Defendant") on November 27, 2013. Valve now moves to dismiss or transfer this case for improper venue in light of what it argues is a recent change in the law stemming from the May 22, 2017 Supreme Court decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514 (2017). For the reasons set out below, the Court will deny the motion.

In response to Defendant's motion, Plaintiff argues that Defendant waived any issue of improper venue by consenting to venue in its Answer and Amended Answer, and by failing to advance this motion (or any other objection to venue) until almost four years into the litigation and, even beyond its initial consent waiver, by consenting to venue here by way of its litigation activity. The Court need not reach the issue of consent, because it agrees that Defendant waived any issue of improper venue.

For the Court to take Defendant's side on the waiver issue, it would have to conclude that Defendant had no prospect of asserting improper venue between the time this case was filed and the Supreme Court issued the *TC Heartland* decision two months ago. As the Court will explain, it cannot accept that proposition. To do so, it must discuss not just the *TC Heartland* decision, but also a Supreme Court decision from 1957, *Fourco Glass Company v. Transmirra Products Corporation*, 353 U.S. 222 (1957), and a Federal Circuit decision from 1990, *VE Holding Corporation v. Johnson Gas & Appliance Company*, 917 F.2d 1574 (Fed. Cir. 1990), *abrogated by TC Heartland*, 137 S.Ct. 1514.

In *Fourco Glass*, the Supreme Court held "that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions." 353 U.S. at 229. At that time, as is also the case now, Section 1400(b) provided that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and

1

established place of business."[1]  *Id.* at 223; *see also* 28 U.S.C. § 1400(b) (reciting the same language).  *Fourco Glass* rejected the argument that the general venue statute, 28 U.S.C. § 1391(c), was "clear and unambiguous and that its terms include all actions – including patent infringement actions – against corporations, and, therefore, that the statute should be read with, and as supplementing, [§] 1400(b) in patent infringement actions."  353 U.S. at 228.  Section 1391(c), at that time, provided that "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

In 1988, 31 years after *Fourco Glass*, Congress amended Section 1391(c).  It was the effect of that amendment on Section 1400(b) that the Federal Circuit considered in 1990 in *VE Holding*.  *See* 917 F.2d at 1575.  The new first sentence of Section 1391(c), as of the 1988 amendment, read as follows:  "*For purposes of venue under this chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  *Id.* at 1578 (emphasis added).  The Federal Circuit observed that Section 1400(b) – the venue provision for patent infringement cases – fell within chapter 87 of title 28, the "this chapter" referenced in the new, amended, Section 1391(c).  *See id.*  Because "Section 1391(c) as it was in *Fourco* is no longer," *id.* at 1579, in the *VE Holding* court's view this drastically changed venue in patent infringement cases because, under *Fourco Glass*, "resides" as used in Section 1400(b) had meant – for corporations – "the state of incorporation only."  *Id.* at 1578; *see also Fourco Glass*, 353 U.S. at 226.  The Federal Circuit contrasted the amendment to Section 1391(c) – which only, in its view, "operate[d] to define a term in § 1400(b)," *VE Holding*, 917 F.2d at 1580 – with the question that had been before the Supreme Court in *Fourco Glass*:  whether Section 1391(c) should be generally taken to "be read with, and as supplementing, [§] 1400(b) in patent infringement actions."  *Fourco Glass*, 353 U.S. at 228.  As a result of its reasoning, the Federal Circuit held that "venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced."  *VE Holding*, 917 F.2d at 1583; *see also id.* at 1584

---

[1] Plaintiff does not dispute that venue is improper here under Section 1400(b) and *TC Heartland*.

("Thus, the first test for venue under § 1400(b) with respect to a defendant that is a corporation, in light of the 1988 amendment to § 1391(c), is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced."). Under the *VE Holding* interpretation of patent infringement venue, venue in this District would be proper in this action.

Defendant's argument here is that, up until the time of the Supreme Court's decision two months ago in *TC Heartland*, the Federal Circuit's expansive view of where patent infringement actions were properly venued was controlling in this case, and left Defendant no room to argue otherwise. *See* O'Connell & Stevenson, California Practice Guide:  Federal Civil Procedure Before Trial (2017) ("O'Connell & Stevenson") § 4:438, at 4-57 (noting view that venue statute applicable to federal question cases generally "has been held to apply to venue *in those federal actions* governed by Title 28, chapter 87…, including patent infringement actions" such that "a patent infringement action may be brought wherever personal jurisdiction over the corporate infringer can be established"). However, *TC Heartland* once again considered the question of "where proper venue lies for a patent infringement lawsuit brought against a domestic corporation." 137 S.Ct. at 1516. In that case, the Supreme Court considered even more recent amendments – in 2011 – to Section 1391's language and, reaffirming the approach taken in *Fourco Glass*, concluded that "[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation." *Id.* at 1521. Venue in patent infringement actions had unmistakably swung back from the expansive view set forth in *VE Holding* to the much-more-restrictive understanding set out in *Fourco Glass*.

However, the Court cannot accept Defendant's contention that it was only *TC Heartland* that allowed it to argue that venue was improper here. As the Supreme Court explained in *TC Heartland*,

> the 2011 amendments [to Section 1391] undermine[d] [*VE Holding*'s] rationale. As petitioner points out, *VE Holding* relied heavily – indeed, almost exclusively – on Congress' decision in 1988 to replace "for venue purposes" with "[f]or purposes of venue under this chapter" (emphasis added) in §1391(c). Congress deleted "under this chapter" in 2011 and worded the current version of § 1391(c) almost identically to the original version of the statute.

3

137 S.Ct. at 1521; *see also id.* at 1520 ("Following *VE Holding*, no new developments occurred until Congress adopted the current version of § 1391 in 2011 (again leaving § 1400(b) unaltered)."). In other words, *VE Holding*'s rationale for why the understanding of the term "resides" in Section 1400(b) had changed was no longer applicable as of the 2011 amendment of Section 1391 (and, specifically, the removal of the language "under this chapter"[2]). *See* O'Connell & Stevenson § 4:440, at 4-57 (incorrectly stating that "recent amendments to § 1391(d) defining corporate 'residence' expressly state the statutory definition is '*for purposes of this chapter*' (which includes § 1400(b))"). Again, Plaintiff filed this action against Defendant in 2013, two years *after* the 2011 amendment of Section 1391. Even though the Supreme Court did not explicitly reaffirm *Fourco Glass* (and effectively reject *VE Holding*) until 2017, the Court cannot agree with Defendant that there was simply no potentially viable basis for challenging venue in this case until May 2017.[3] Even Defendant has cited in its Reply pre-*TC Heartland* cases where a defendant – unsuccessfully, though that is beside the point so far as *preservation* of a Rule 12(b)(3) defense is concerned – challenged venue in light of the 2011 Section 1391 amendment. *See St. Lawrence Commcn's LLC v. HTC Corp.*, No. 2:15-cv-919-JRG, 2016 WL 1077950, *3 (E.D. Tex. Mar. 18, 2016); *TeleSign Corp. v. Twilio, Inc.*, CV 15-3240 PSG (SSx), 2015 WL 12765482, *3-5 (C.D. Cal. Oct. 16, 2015).

Because venue rules are designed for a defendant's protection, they may be waived in a variety of ways, including by failure to interpose a timely and sufficient objection. *See Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1978); O'Connell & Stevenson § 4:50, at 4-8. Any objection must be raised before

---

[2] The Supreme Court explained why the change from "under this chapter" to "[f]or all venue purposes" did not preserve the approach to the issue taken in *VE Holding* – it was language that hardly differed from Section 1391 as it had appeared when *Fourco Glass* was decided. *See TC Heartland*, 137 S.Ct. at 1521. This argument – one that the Supreme Court obviously ultimately accepted – was available to parties in Defendant's position ever since the 2011 amendment to Section 1391.

[3] Even if Defendant were to point to the *Federal Circuit's* decision in *TC Heartland* – which the Supreme Court then reversed – as reaffirming *VE Holding*, *see In re TC Heartland LLC*, 821 F.3d 1338, 1341 (Fed. Cir. 2016) (concluding that changing "For the purposes of venue under this chapter" to "For all venue purposes" was "a broadening of the applicability of the definition of corporate residence, not a narrowing"), *see also* Footnote 2, *supra*, that decision was not issued until April 2016. There was no other published Federal Circuit decision citing *VE Holding* on this topic between 2011 and the Federal Circuit's 2016 decision in *TC Heartland*. Certainly *at least* between the time of the 2011 amendment and April 2016 there was a good-faith basis to move for dismissal/transfer based on improper venue.

4

answering by way of filing a motion under Rule 12 of the Federal Rules of Civil Procedure or in the first responsive pleading if a Rule 12 motion was not filed. *See* Fed. R. Civ. P. 12(h)(1) ("A party waives [an improper venue defense] by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."); Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); *see also* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."); O'Connell & Stevenson § 4:51, at 4-8.

There is no dispute that Defendant did not do so here. Defendant argues that the improper venue argument was not "available to" it until the Supreme Court's *TC Heartland* decision. For the reasons expressed above, the Court disagrees.[4] Furthermore, what Plaintiff may have believed about the applicable venue standard when it filed its Complaint (*see* Defendant's Reply (Docket No. 70) at 4:17-5:9) is irrelevant – Rule 12(b)(3) is a *defense* that is available to *defendants*, but also subject to waiver by the *defendant*. Plaintiff's approach in its own pleadings means nothing in this regard.

As such, the Court concludes that Defendant waived any assertion of improper venue. The Court therefore denies Defendant's motion without any need to consider

---

[4] To the extent other post-*TC Heartland* district court decisions have concluded, without even mentioning the 2011 amendment of Section 1391, that district courts have "had to follow" *VE Holding* ever since its issuance – at least up until *TC Heartland* was issued – this Court would disagree. *See e.g. Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, *2 (W.D. Wash. June 21, 2017). Once Congress amended Section 1391 in 2011, removing the very language *VE Holding*'s reasoning was dependent upon, there was at least a colorable improper venue argument available to corporations such as Defendant. The suggestion that such a defendant could not, prior to *TC Heartland*, "have reasonably anticipated this sea change," *Westech*, 2017 WL 2671297, at *2, is not justifiable, or at least not without addressing the effect of the 2011 amendment to Section 1391. At the same time, the Court disagrees with those decisions indicating that the Federal Circuit, in *VE Holding*, could never have "overruled" *Fourco Glass* in the first place. *See, e.g.*, *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, *20 (E.D. Tex. June 20, 2017); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, 2017 WL 2556679, *3 (E.D. Va. June 7, 2017). In this Court's humble opinion, those courts have missed the issue. *VE Holding* was not an effort to "overrule" *Fourco Glass*; it dealt with a different question than *Fourco Glass* had because it addressed 1988 amendments to Section 1391 that post-dated *Fourco Glass* by 31 years.

5

Plaintiff's other arguments for why venue should be maintained here.